IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA


PEDRO RAYOS, JR.,              )
                                  )
       Plaintiff,          )
                                  )
v.                           )      Case No. CIV-23-034-P
                                  )
KILOLO KIJAKAZI,         )
  Acting Commissioner of the   )
  Social Security Administration,  )
                                  )
       Defendant.      )


## ORDER

Plaintiff seeks judicial review pursuant to 42 U.S.C. § 405(g) of the final decision of Defendant denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 423, 1352. Defendant has answered the Complaint and filed the administrative record (hereinafter AR___), and the parties have briefed the issues. For the following reasons, Defendant's decision is affirmed.

I. Administrative History and Final Agency Decision

Plaintiff filed his applications for DIB and SSI on November 30, 2020, alleging disability since November 16, 2020. AR 14. The Social Security

1

Administration denied Plaintiff's applications on April 28, 2021, *see id.*, and on reconsideration on July 9, 2021. *Id.*

Plaintiff, appearing with counsel, and a vocational expert ("VE") testified at a telephonic administrative hearing conducted before an Administrative Law Judge ("ALJ") on May 5, 2022. AR 36-62. On June 29, 2022, the ALJ issued a decision in which he found Plaintiff has not been disabled within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision. AR 11-30.

Following the agency's well-established sequential evaluation procedure, the ALJ found at the first step that Plaintiff had not engaged in substantial gainful activity since November 16, 2020, the alleged onset disability date. AR 17. At the second step, the ALJ found Plaintiff had the following severe mental impairments: right femur and ankle fractures, right arm fracture, spine degenerative disc disease, congenital missing clavicles, chronic pain syndrome, and borderline intellectual functioning. *Id.* At the third step, the ALJ found that these impairments were not *per se* disabling as Plaintiff did not have an impairment or combination of impairments that met or medically equaled the requirements of a listed impairment. AR 18.

At step four, the ALJ found, in relevant part, that Plaintiff had the residual functional capacity ("RFC") to perform less than a full range of light work including the following limitations: sitting six hours out of an eight-hour workday and

frequent, as opposed to constant, handling with his right upper extremity. AR 21. Relying on the VE's testimony as to the ability of a hypothetical individual with Plaintiff's work history, age, education, and determined RFC, the ALJ concluded Plaintiff could not perform any past relevant work. AR 28. Continuing to rely on the VE's testimony, the ALJ concluded Plaintiff could perform the jobs of toy stuffer, final assembler, and document preparer, which exist in significant numbers in the national economy. AR 29. Based on this finding, the ALJ concluded Plaintiff had not been under a disability from November 16, 2020 through the date of the decision.

The Appeals Council denied Plaintiff's request for review, and therefore the ALJ's decision is the final decision of the Commissioner. 20 C.F.R. § 404.981; *Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009).

## II.  Issue Raised

On appeal, Plaintiff contends the ALJ's RFC is not supported by substantial evidence with regard to the finding that he can sit for six hours or that he can frequently handle with his right upper extremity. Doc. No. 15 ("Op. Br.") at 7-11.

## III.  General Legal Standards Guiding Judicial Review

Judicial review of Defendant's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). Substantial evidence "means—and means only—

such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, __ U.S. __, 139 S.Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The "determination of whether the ALJ's ruling is supported by substantial evidence must be based upon the record taken as a whole. Consequently, [the Court must] remain mindful that evidence is not substantial if it is overwhelmed by other evidence in the record." *Wall*, 561 F.3d at 1052 (citations, quotations, and brackets omitted). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Id.* (citations omitted). While a court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, a court does not reweigh the evidence or substitute its own judgment for that of Defendant. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008).

IV.   <u>Analysis</u>

Plaintiff contends the ALJ's RFC is not supported by substantial evidence in the record. He specifically challenges the ALJ's finding that he is able to sit for six hours out of an eight-hour workday and that he can frequently handle with his right upper extremity. Plaintiff concedes the ALJ discussed the medical evidence related to the same but complains the ALJ's summary of Plaintiff's medical record failed to

acknowledge portions that would have warranted additional limitations. Op. Br. at 9-10.

It is well established that "[t]he RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (*e.g.*, laboratory findings) and nonmedical evidence (*e.g.*, daily activities, observations)." Social Security Ruling 96–8p, 1996 WL 374184, at *7. In the present case, the undersigned finds the ALJ's RFC determination is supported by a proper narrative statement, as well as substantial evidence.

In determining Plaintiff was not disabled, the ALJ discussed the medical evidence relevant to potential sitting and handling limitations. The ALJ reviewed Plaintiff's medical records with Dr. Chi Wan Hsu from 2020 through 2021. AR 23 (citing AR 380-87, 399). Dr. Hsu noted that after various injuries to his right arm, femur, and ankle in 2011, Plaintiff underwent surgeries and physical therapy but by November 2020, was experiencing increased pain. *Id.* In reviewing Dr. Hsu's records, the ALJ noted, "While the claimant continued to show some positive findings on examination, such as tenderness in the right forearm, lower lumber area, and some limited range of motion, treatment was generally limited to ongoing pain medication management, including Norco and Mobic." *Id.* Within the decision, the ALJ explained that Plaintiff's medical records overall not only revealed that his treatment was usually limited to pain medication, but Plaintiff also frequently

reported that his pain medication managed and/or contained his pain, keeping it at a tolerable level. AR 23-24, 25 (citing AR 402-03, 409, 459-60).

Plaintiff also complains the ALJ's description of Dr. Hsu's records failed to "acknowledge the moderately severe to severe nature of the tenderness in [his] lumbar spine (with tension) and right hip or that [his] mobility was actually moderately to severely limited in both [his] lumbar spine and multiple planes in [his] right hip." Op. Br. at 9. However, the ALJ clearly considered Dr. Hsu's records and acknowledged the pain and limited range of motion Plaintiff experienced. *Supra.* This Court cannot reverse an ALJ's decision merely because, upon reviewing medical records, he did not draw the conclusions more favorable to Plaintiff. *See Fannin v. Comm'r, SSA*, 857 F. App'x 445, 448 (10th Cir. 2021) ("Even if it were possible to view Dr. Turner's opinion or the ALJ's findings derived from it with more skepticism, to do so would require us to reweigh the evidence, which exceeds the scope of substantial-evidence review.").

The ALJ further noted that Plaintiff underwent a consultative internal medicine examination by Physician's Assistant ("PA") Jessica Collins in March 2021, wherein Plaintiff provided a medical history of injuries and/or birth defects, including being born without clavicles, which resulted in decreased power to lift/carry items, fracturing his right arm around 2000 and subsequently experiencing arm pain making it difficult to lift heavy items, and injuring his right ankle and knee

falling off a roof in 2011 resulting in surgery and rod and hardware placement. AR

22-23 (citing 361). The ALJ noted that upon examining Plaintiff, PA Collins

recorded the following:

> [Plaintiff] showed some impairment in gate, limping on the right, but
> could get on and off the exam table without assistance. He had weak
> walking on heel on the right, and was unable to walk on heel on the left
> or on toes bilaterally. Musculoskeletal exam noted some limitations in
> range of motion, with 4/5 strength in the upper extremities, grip strength
> 2/5 on the right and 4/5 on the left, and lower extremity strength of 3/5
> on the right and 4/5 on the left. Examination noted pain on palpation to
> the thoracic spine, with poor thumb opposition bilaterally, and swelling
> in both thumbs. Straight leg testing is negative in both sitting and supine
> left, limited by leg pain on the left. . . . Assessment included chronic
> pain and weakness in the right leg post fracture with repair of femur
> and ankle, with likely benefit from a cane for safety, and likely arthritis
> post injury; chronic pain and weakness of right arm with history of
> fracture and neuropathy; chronic weakness in left arm as well as history
> of congenital missing clavicles that also likely contributes to weakness
> in right arm, and chronic thoracic back pain.

AR 23 (citing 361-62, 364-67).

Plaintiff contends the ALJ's summary of this examination did not

acknowledge that Plaintiff's limited range of motions included "quite significant

deficits in abduction of both hips; in flexion, extension, and internal and external

rotation of the right hip; and significantly limited flexion of the right knee." Op. Br.

at 15 at 8-9 (citing AR 23, 362, 364.). However, Plaintiff is picking and choosing

the more negative examination findings on which to focus. While PA Collins'

examination records did show the referenced deficits in Plaintiff's right hip and

knee, she recorded no deficits in the left hip and only a small deficit in the right and

left hip abduction. AR 364. Further, PA Collins noted negative straight leg raising in both sitting and supine positions, no pain in the lumbosacral spine with flexion, extension, and bilateral bending, and full range of motion in the lumbosacral and thoracic spine AR 362, 367. Thus, the ALJ's decision included an accurate summary and consideration of the PA's findings.

In determining the RFC, the ALJ also considered Plaintiff's daily activities. The ALJ noted that in spite of his previous injuries in 2000 and 2011, Plaintiff was able to continue working as a roofer and in construction until late 2020. AR 23. Although Plaintiff stated that his condition worsened over time, the ALJ explained that Plaintiff was able to continue to engage in many typical activities of daily living. *Id.* (citing AR 301-05). The ALJ also noted that Plaintiff "sought emergent care several times in 2021 [after the onset disability date], though they appear to indicate a greater level of functioning at the time than alleged. The claimant reported right hand pain in May 2021, after a 2x6 fell on his right hand. . . . Later, the claimant noted right ankle pain in October 2021, after he was playing soccer the day before." AR 23-24 (citing AR 420-23, 427-31). Also, in addition to the activities in which Plaintiff was engaged when incurring these latter two injuries, the ALJ specifically explained that there was nothing in the record to indicate either of these injuries would cause more than temporary limitations. AR 24.

Notably, neither the consultative examiner nor Plaintiff's treating physicians set forth an opinion regarding Plaintiff's functional capabilities. However, state physicians reviewed Plaintiff's medical records and determined the same limitations set forth in the ALJ's RFC, except that the ALJ found Plaintiff was further limited to occasional postural activities and the use of a cane for ambulation. AR 21, 27 (citing 71-72, 75-80, 92-93, 97-100, 361-62, 364-67, 369, 380-87, 399, 402-03, 409, 420-31, 435-44, 459-60). Indeed, the ALJ partially relied on Dr. Hsu's records in concluding that Plaintiff required additional limitations to those recommended by the state agency physicians. AR 27 (citing 380-87, 399, 435-44).

Plaintiff does not cite to any medical evidence or opinions the ALJ failed to consider. Moreover, the ALJ's findings with regard to Plaintiff's subjective reports and his RFC are clearly "closely and affirmatively linked to substantial evidence[.]" *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995). Thus, Plaintiff merely disagrees with the conclusions drawn by the ALJ. As previously noted, Plaintiff's mere disagreement with the ALJ's conclusion provides no basis for this Court to reweigh the evidence in the manner he implicitly requests. *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993). Therefore, this claim of error is denied.

V.    Conclusion

Based on the foregoing analysis, the decision of the Commissioner is affirmed. Judgment will issue accordingly.

ENTERED this  21st  day of July, 2023.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE